IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:98-HC-764-BR

FILED
AUG 1 5 2008
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ALBERT IAQUINTA ) | |
| ) | |

This matter is before the court on a 12 August 2008 *pro se*[1] motion by respondent "for relief from order of commitment" pursuant to Fed. R. Civ. P. 60(b). Respondent's counsel filed a response to the motion.

It appears that respondent seeks to reopen the time to appeal the court's 13 May 2008 order, finding that respondent violated the terms of his conditional release, in order to allow him to file an appeal. As grounds for the motion, respondent states that he "expressed his dissatisfaction with the disposition of the case to [his] . . . Court-Appointed Counsel[,]" but that "neither this . . . court advised nor Counsel . . . assisted him to file a timely Notice of Appeal." (Mot. at 1.) In his response, respondent's counsel states that respondent did not express dissatisfaction about the court's order and did not ask him to file an appeal. (Resp. at 1.)

> Rule 60(b)(1) provides for relief from a judgment based on mistake, surprise, inadvertence, or excusable neglect. The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances. See Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). To obtain relief under the Rule based on excusable neglect, the movant "must demonstrate *inter alia* that [he] was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment." Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992).

Wilson v. Thompson, 138 Fed. Appx. 556, 557 (4th Cir. 2005). Here, respondent has certainly not

---

[1] Although the motion states that it was "[p]repared and explained by" a "Jailhouse lawyer[,]" the court concludes that no licensed attorney drafted the motion, and therefore respondent is deemed to have filed the motion *pro se*.

shown any exceptional circumstance preventing him from timely filing an appeal *pro se*, and he waited three months before filing the instant motion. See Newman v. Washington, No. 7:05-CV-311, 2006 WL 4767300, *1 (W.D. Va. Nov. 27, 2006) (denying *pro se* 60(b) motion in part because "petitioner was dilatory in . . . taking two months to file a motion to reopen the time for filing an appeal").

The motion is DENIED.

This 15 August 2008.

W. EARL BRITT
Senior United States District Judge

usa/ai/tec

2

Case 5:98-hc-00764-BR   Document 88   Filed 08/15/08   Page 2 of 2